UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20148 CV MORENO/BROWN

RICHARD MAHSHIE,

    Plaintiff,

vs.

INFINITY INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT**

Plaintiff, RICHARD MAHSHIE respectfully submits his Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss and/or for More Definite Statement:

**INTRODUCTION**

1. Defendant moves to dismiss Plaintiff's FLSA claim (Count I) on the basis that it is purpotedly vague and as such, fails to state a claim upon which relief can be granted.

2. Defendant further moves to dismiss his Breach of Oral Contract claim (Count II) for wages owed asserting that the allegations are unclear as to the existence of an oral contract and therefore Plaintiff fails to state a claim upon which relief can be granted.

**FEDERAL STANDARD FOR PLEADING**

For a complaint to be deemed sufficient under the federal rules, "...the complaint must state either direct or inferential allegations concerning all material elements necessary for recovery under the relevant legal theory..." McBride v. Lindsay, 718 F. Supp. 24 (N.D. Ill. 1989). "Fed. R. Civ. P. 8(a) provides the standard by which the adequacy of pleadings is tested. Walker v. South Cent. Bell Tel. Co., 904 F.2d 275 (5th Cir. 1990).

**[R]ule 8 requires a short and plain statement of the claim showing the pleader is entitled to relief. A complaint may be inadequate in one of two fashions. First, the pleadings must provide notice of the circumstances which give rise to the claim... Second, the pleader must set forth sufficient information to outline the elements of his claim or to permit inference to be drawn that these elements exist.** Id.

"Moreover, pleading in federal courts is to be solely notice pleading, with any necessary additional facts to be secured by the utilization of discovery procedures." In Re Latham Exploration Co., Inc., 83 B.R. 423 (W.D. La. 1988). The "...concept of notice pleading embodied in the federal rules applies to the 'big' antitrust case as well as the 'small' negligence lawsuit..." City of Gainesville v Florida Power & Light Co., 488 F. Supp. 1258 (S.D. Fla. 1980). When considering a motion to dismiss, the Court must accept all the plaintiff's allegations as true. Scheur v. Rhodes, 416 U .S. 232, 236 (1974). Plaintiff has met this burden. To be sure, the damages calculation in Exhibit A to Plaintiff's complaint reads as follows:

RICHARD MAHSHIE
Amount Claimed

| Pay Period Ending | Hours actually paid (Bi-weekly - 38.5* hours per week - agreed to hours) | Hours actually Worked* (Bi-Weekly) - Typical hours were 7AM to 8PM | Agreed to Hourly Rate/Regular Rate (Calculated based on Bi-Weekly Salary of $2,2316.15** with 38.5 hour work weeks) | Amount Paid Bi-Weekly (Based on 2010 and 2011 salary of $58,140 per annum) | Unpaid Straight Time (based on 2 year statute of limitations) - $29.04x3 hours Bi-Weekly | Unpaid Overtime (Bi-Weekly) | Total Amount Unpaid |
|---|---|---|---|---|---|---|---|
| 08/12/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 08/26/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 09/09/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 09/23/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 10/07/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 10/21/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 11/04/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 11/18/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 12/02/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| 12/16/11 | 77 | 120 | 29.04 | $ 2,236.15 | $ 87.12 | $ 1,742.40 | $ 1,829.52 |
| *** TOTALS | | | | | $ 4,443.12 | $ 134,164.80 | $ 138,607.92 |

Unpaid Straight time → Amount claimed in Count II of Plaintiff's Complaint

Unpaid Overtime → Amount claimed in Count I

* Plaintiff was required to work 38.5 hours for the salary amount of Approximately $58,140

Despite Plaintiff providing a painfully detailed calculation as to how he arrived at his damages calculation (i.e. straight and overtime) including delineating the regular rate of pay/basis for calculating the regular rate of pay and actual hours worked versus hours paid and overtime versus straight owed, Defendant incredibly claims that Plaintiff's complaint is somehow vague or in the alternative, argues that Plaintiff should be directed to clarify his claims. The basis for calculating overtime is clearly stated in Exhibit "A" to Plaintiff's complaint. As it relates to Count II of Plaintiff's complaint, Plaintiff states in ¶12 of his complaint that "Plaintiff entered into an oral contract for wages with Defendant to be compensated for work performed and is owed $4,443.12…" Again, by virtue of incorporating Exhibit "A" to his complaint (see excerpt of same above) coupled with the allegations in his complaint, Defendant is on notice and can reasonably infer that Plaintiff worked for 2 years (i.e. all that the statute of limitations permits for Count II) for which he was shorted 3 hours Bi-Weekly (i.e. 1 ½ hours per week) and the calculation clearly states that the agreed work week was 38.5 hours.  The difference between a 40 hour work week and a 38.5 work week is 1.5 hours and as such, this time is compensated at the regular rather than the overtime rate.

In the federal system, the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices. Bazal v. Belford Trucking Company, 442 F.Supp. 1089 (S.D. Fla.1977); In re Asbestos Litigation, 679 F. Supp. 1096 (S.D. Fla. 1987);  Scarfato v. National Cash Register Corp., 830 F. Supp. 1441 (M.D. Fla.1993).

> **The purpose of pleading under the Federal Rules is to give notice rather than to provide those details of the issues and evidence which would eventuate at trial. The latter objective is pursued through discovery. (t)he tendency under the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the**

**pleadings. . . . 'Particularization of the issues is indeed the first order of business. But the rules do not contemplate their definition by paper pleadings.'** <u>Bazal</u> at 1102.

Undoubtedly, Plaintiff's complaint alleges enough information to allow this Defendant to frame a reasonable response and discovery is the proper vehicle for Defendant to obtain the additional facts necessary to prepare for trial. *See* <u>Joseph v. Nuno, Inc. II,</u> 2008 WL 2726918, *2 (S.D. Fla. 2008) (citing <u>Capaz v. Whitaker, Weinstraub & Grizzard,</u> 2007 WL 1655473 *1 (M.D. Fla. June 5, 2007)).

### CONCLUSION

For the reasons stated above, aside from the fact that motions for more definite statement are disfavored, in light of Plaintiff's clear and unambiguous complaint and attachments, Defendant's motion should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 9, 2012 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

        Loren Law Group
        320 South State Road 7
        Suite 300
        Plantation, FL 33317
        Phone:      (954)585-4878
        Facsimile:   (954)585-4886
        E-Mail:     JLoren@Lorenlaw.com

        _____
        James M. Loren, Esquire
        Bar No.: 55409

**SERVICE LIST**

Jackson Lewis LLP
Jason Schatz, Esquire
2 S. Biscayne Blvd.
One Biscayne Tower - Suite# 3500
Miami, FL 33131
Phone:      (305)577-7600
Fax:        (305)373-4466
CM/ECF:   jason.schatz@jacksonlewis.com
Counsel for Defendant