UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-20148 CIV OTAZO-REYES

RICHARD MAHSHIE,

              Plaintiff,

vs.

INFINITY INSURANCE COMPANY,

              Defendant.

_____/

### PLAINTIFF'S MOTION FOR AN AWARD OF LIQUIDATED DAMAGES

The Plaintiff, RICHARD MAHSHIE,  pursuant to the Federal Rules of Civil Procedure and pursuant to the Local Rules, by and through undersigned counsel, hereby files his Motion for an Award of Liquidated Damages and as grounds states the following:

1. This case arose under the Fair Labor Standards Act (29 U.S.C. § 201, Et Seq.) wherein Plaintiff asserted that he was not paid his overtime pay.

2. On April 12, 2013, after a five (5) day jury proceeding, a verdict was returned in favor of the Plaintiff in the amount of $111,265.00.

3. Pursuant to 29 U.S.C. § 203(d) and 29 U.S.C. § 216(b)[1], Plaintiff is entitled to a final judgment in the amount of $111,265.00 plus an equal amount of liquidated damages for a total amount of $222,530.00. <u>C.D. Joiner v. City of Macon</u>, 814 F.2d 1537 (11th Cir.

---

[1]       29 U.S.C. § 216(b) entitled "Penalties," provides in pertinent part:

"… Any employer who violates the provisions of section 6 or section 7 of this Act 29 U.S.C. §§ 206 or 207 **shall** be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an **additional equal amount as liquidated damages…**"

1

1987). *See, e.g.,* <u>Spires v. Ben Hill County</u>, 980 F.2d 683 (11th Cir. 1993)(Holding that an employer who seeks to avoid liquidated damages bears the burden of proving that its violation was "…both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict…". An employer who knew or had reason to know that the FLSA applied, <u>could not</u> establish good faith as a defense); <u>Dybach v. State of Florida Department of Corrections</u>, 942 F.2d 1562, 1566 (11th Cir. 1991). <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1272 (11th Cir. 2008).; *See also* <u>Arias v. Alpine Towing, Inc.</u>, 2011 U.S. Dist. LEXIS 38154 (S.D. Fla. Mar. 30, 2011).

4.  Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the employer acted in good faith.  <u>C.D. Joiner v. City of Macon</u>, 814 F.2d 1537, 1539 (11th Cir. 1987).

5.  To satisfy the good faith requirement, an employer must show that it acted with ***<u>both</u>*** subjective and objective good faith. <u>Farm Stores Grocery, Inc.</u> at 1272.

6.  Subjective good faith is satisfied when the employer shows it possessed "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it." <u>Id</u>.

7.  This standard requires a showing of intention to ascertain the law, not just an honest belief that the defendant acted in accordance with the law. <u>Id</u>.

8.  The Defendant in this case cites no evidence of an intention to ascertain the applicable law other than the testimony of Pam Jenkins (Vice President of Human Resources) wherein she claims to have personally concluded based on the reading of some unidentified case decision to support her bold decision to disallow payment of all work

2

done at home (i.e. including all related travel time to and from the home despite the fact that pre/post shift work was an integral part of defendant's insurance business). No effort was made by Pam Jenkins to contact any of her available attorney resources to clarify the true state of the law.

9. Setting aside the side issue of Infinity's refusal to pay at home work and travel time, Ms. Jenkins as well as all of Defendant's other managers including Geoffrey Shaw, Omar Nieves, Jimmy Casas and Orestes Veliz admitted knowing the requirements of FLSA to pay overtime but all turned a blind eye to what was obviously Plaintiff working uncompensated overtime hours.

10. To be sure, as its main defense, Defendant asserted purported lack of knowledge that Plaintiff even worked overtime with the emphasis of its defense accusing Plaintiff of being a liar who **<u>fabricated</u>** his overtime claim.  In reality, this case has nothing to do with a misinterpretation of the law or a good faith belief that overtime was not due and owing, but rather, as reflected by the jury verdict, Defendant made a bold and calculated greed based business decision to allow employees to work off the clock so as to avoid its obligations under FLSA. The evidence adduced at trial clearly establishes that the Defendant cannot satisfy the subjective good faith element to avail itself of the good faith defense. *See id.* <u>Arias v. Alpine Towing, Inc.</u>, 2011 U.S. Dist. LEXIS 38154, 4-6 (S.D. Fla. Mar. 30, 2011).

11. Similarly, Defendant's failed to meet the objective good faith standard as it failed to show what reasonable grounds they had to believe FLSA was complied with and what reasonable actions they took to justify their belief that Plaintiff was not entitled to

compensation for at home work and related travel time to and from home as well as to inquire whether Plaintiff was continuing to work off the clock.[2] See Barcellona v. Tiffany English Pub, 597 F.2d 464, 469 (5th Cir. 1979) (explaining that good faith "requires some duty to investigate potential liability under the FLSA"). Again, Defendant cannot escape liability for liquidated damages when it knew the requirement of overtime pay but condoned Plaintiff's off the clock worked and discouraged the correct reporting of time worked.

12. As is evident from the jury's verdict including its full award of Plaintiff's claimed damages, and given the outlandish defense witness testimony which was repeatedly impeached at trial, the defendant has failed to make any semblance of a showing of objective good faith. Id.

13. Although the district court is not foreclosed from considering the good faith defense in light of a jury's finding that an employer willfully or in reckless disregard violated FLSA, "…it is hard to mount a serious argument" that an employer who has acted in reckless disregard of its FLSA obligations has nonetheless acted in good faith…" Jarrett v. ERC Props., 211 F.3d 1078, 1083-1084 (8th Cir. 2000).

14. Appellate courts have concluded that a "…district court's finding of employer good faith

---

[2]
    After purportedly being written up for working off the clock in February 2009 by his managers, Geoff Shaw and Ema Magnole, Geoff Shaw testified that he continued to monitor Plaintiff for the duration of his supervision (i.e. through February 2010) to make sure that he was not working off the clock. As reflected by Plaintiff's documentary evidence, a cursory review of the Defendant's ICS and CCC computer systems would have alerted Geoff Shaw that Plaintiff continued working off the clock. Clearly, Geoff Shaw was disinterested in Plaintiff's off the clock work and knowingly made no effort to prevent this practice from continuing.
    Similarly, Defendant's subsequent managers (Omar Nieves and Jimmy Casas) permitted Plaintiff to continue working off the clock despite being duly advised by Plaintiff that he in fact was working off the clock. In fact, Defendant's field manager, Orestes Veliz confirmed that Plaintiff had in fact told him that management was forcing him to work off the clock and to record inaccurate time but chose not to take any action as to same.

in the face of a jury's presumptively contrary finding of willfulness requires close scrutiny on appeal…" Id.

15. As such, non-willfulness or good faith was not established by Defendant despite it having the affirmative burden to show both subjective good faith and objective reasonable grounds for belief of compliance.

16. Simply put, the jury disagreed with Defendant's position/defenses and found that Defendant knew or acted with reckless disregard for whether its conduct was prohibited by the FLSA.

17. Thus, this Court's decision whether to award liquidated damages never became discretionary as the employer never met its burden of establishing a good faith defense to non-payment of overtime. As such, an award of liquidated damages in the instant case is mandatory.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that liquidated damages in an equal amount to the underlying verdict be imposed against Defendant.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on April 15, 2013 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Loren Law Group
320 South State Road 7
Suite 300
Plantation, FL 33317
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409

## SERVICE LIST

Jackson Lewis LLP
Jason Schatz, Esquire
2 S. Biscayne Blvd.
One Biscayne Tower - Suite# 3500
Miami, FL 33131
Phone:       (305)577-7600
Fax:          (305)373-4466
CM/ECF:    jason.schatz@jacksonlewis.com
Counsel for Defendant

Jackson Lewis LLP
Tammy L. Baker
800 Shades Creek Parkway
Suite # 870
Birmingham, AL 35209
Phone:       (205)332-3100
Fax:          (205)332-3131
CM/ECF:    bakert@jacksonlewis.com
Counsel for Defendant