**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 12-20148-CIV-OTAZO-REYES**

**CONSENT CASE**

RICHARD MAHSHIE,

Plaintiff,

v.

INFINITY INSURANCE COMPANY,

Defendant.

___________________________________/

# ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE TO ALTER OR AMEND JUDGMENT

THIS CAUSE came before the Court upon Defendant Infinity Insurance Company's ("Infinity") Motion for a New Trial or, in the Alternative to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(a)&(e) (hereafter, "Post Trial Motion") [D.E. 117]. For the reasons discussed below, Infinity's Post Trial Motion is DENIED in its entirety.

## I. PROCEDURAL BACKGROUND

On January 12, 2012, Plaintiff Richard Mahshie ("Mahshie") commenced this action against his former employer, Infinity [D.E. 1]. Mahshie's two-count Complaint asserts claims for: (I) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for unpaid overtime wages; and (II) breach of oral contract for failure to pay wages. Id. at ¶¶ 9-14.

On March 20, 2012, Chief District Judge Federico A. Moreno severed Mahshie's claim for breach of oral contract (Count II) from the FLSA claim (Count I) [D.E. 13 at 1]. Thereafter, the parties consented to jurisdiction before a Magistrate Judge [D.E. 55-56, 59].

In April 2013, the Court held a five day jury trial on Count I only, which resulted in a

verdict for Mahshie for unpaid overtime wages in the amount of $111,265.00 [D.E. 89]. The jury also made a finding of willfulness, namely, that Infinity "either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA." Id. The Court subsequently awarded Mahshie liquidated damages in an amount equal to the jury's verdict [D.E. 105]. Thereafter, the Court entered an Amended Judgment as to Count I in favor of Mahshie for $222,530.00, plus interest [D.E. 109].[1]

In its Post Trial Motion, Infinity seeks a new trial as to Count I on the grounds that: (1) the jury was given an improper instruction; (2) the $111,265 damages verdict is not supported by the facts in evidence; and (3) the purportedly improper jury instruction tainted the jury's finding of willfulness. In the alternative, Infinity asks for an amended judgment reducing the amount of the jury's verdict. As more fully discussed below, Infinity is not entitled to a new trial or an amended judgment.

## II. STANDARD OF REVIEW

### *1. Motion for New Trial – Fed. R. Civ. P 59(a)*

Rule 59(a) of the Federal Rules of Civil Procedure allows a party to file a motion for new trial within 28 days of the entry of judgment. Fed. R. Civ. P. 59(a). A court may grant a new trial pursuant to Rule 59(a) on all or some of the issues after a jury trial, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Del Rio Dist. v. Adolph Coors Co., 589 F.2d 176, 179 n.3 (5th Cir. 1979). Here, Infinity seeks a new trial on jury instructions and

---

[1] After the trial on Count I, the parties filed cross-motions for summary judgment as to Count II, which have been denied [D.E. 134].

evidentiary grounds.

***a. Jury instructions grounds:***

"Where a motion for a new trial is based on an alleged legal error in the jury instructions, the Court must determine whether an error was in fact committed, and (2) whether that error was so prejudicial that the denial of a new trial would be inconsistent with substantial justice." Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 585 F. Supp. 2d 568, 582 (D. Del. 2008). "In making these determinations, the court should examine the jury instructions as a whole and should not scrutinize specific instructions in a vacuum." Id.

***b. Evidentiary grounds:***

"A judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great-not merely the greater-weight of the evidence." Id.

***2. Motion to Alter or Amend Judgment – Fed. R. Civ. P 59(e)***

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Thus, the only grounds for granting such a motion are "newly-discovered evidence or manifest errors of law or fact." Id.

## III. DISCUSSION

### 1. *Motion for New Trial*

As noted above, Infinity argues that it is entitled to a new trial because the jury was given an improper instruction and the purportedly improper jury instruction tainted the jury's finding of willfulness. Infinity also argues that the jury's $111,265 damages verdict is not supported by the facts in evidence.

#### *a. Jury instruction*

At trial, the evidence showed that Infinity is an automobile insurance company; that Mahshie worked for Infinity as an appraiser of damaged motor vehicles; and that Mahshie did not travel to and from an Infinity office each day. Rather, Mahshie was a home-based employee for whom Infinity provided a computer and remote connection. Further, Mashie testified that he performed work related to his appraisal assignments both before leaving and after arriving home.

Infinity contends that the italicized portion of the following instruction to the jury (hereafter, "the compensable time instruction") was incomplete and misleading:

> For purposes of the FLSA, "work" is defined as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his or her business.
>
> In determining whether the Plaintiff has proven that he worked hours in excess of forty in any given week, you are only to consider "hours worked." The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew, or should have known, that the work was being performed. There is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his employer from learning of it. However, when an employer's actions squelch truthful reports of overtime worked, or where the employer encourages artificially low reporting, it cannot disclaim knowledge.

> Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."
>
> *Activities performed either before or after the regular work shift are compensable if those activities are an integral and indispensable part of the principal activities for which the employees are employed. Periods of time between the commencement of the employee's first principal activity and the completion of the last principal activity on any work day must be included in the computation of the hours worked. Principal activities include activities that are necessary to the business of the employer and are performed by the employees, primarily for the benefit of the employer.*
>
> *Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. In other words, if you find that the travel time was integral or indispensable to Plaintiff's work for Defendant, then it is compensable time. If the travel time is spent predominately for the benefit of the employer, it is compensable time. However, if the time is spent predominantly for the benefit of the employee, it is not compensable.*

[D.E. 88 at 8-9].

According to Infinity, the Court's instruction led the jury to improperly include commuting time spent by Mahshie in its overtime award because "ordinary home-to-work and work-to-home travel is not usually compensable." Powell v. Carey Int'l, Inc., 514 F. Supp. 2d 1302, 1319 (S.D. Fla. 2007). However, as fully discussed at the charge conference, the Court finds that Powell is inapplicable to this case. The Court also rejects Infinity's contention that the Employee Commuting Flexibility Act ("ECFA") absolutely bars compensation for time spent by Mahshie going to and from his home.

Taking the compensable time instruction as a whole, together with a de minimis instruction that was also given to the jury,[2] the Court concludes that no error, much less

---

[2] The de minimis instruction stated:

> In recording working time under the FLSA, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded as de minimis.

prejudicial error, was committed. Power Integrations, 585 F. Supp. 2d at 582. This conclusion moots Infinity's further argument that the jury's finding of willfulness was tainted.

***b. Evidence supporting the damages award***

At trial, Mahshie testified that he worked more hours than he reported in Infinity's time-keeping system. The jury awarded Mahshie $111,265.00 for unpaid overtime. Contrary to Infinity's contention, the Court finds that there was sufficient evidence to support the jury's damages award under the FLSA's burden shifting scheme:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a relaxed burden-shifting scheme applies. . . . Under the relaxed burden-shifting scheme, an employee has carried out his burden to prove damages if: (a) he proves that he has in fact performed work for which he was improperly compensated; and (b) he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. If the employee satisfies his burden, the burden shifts to the employer to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Solano v. A Navas Party Prod. Inc., 728 F. Supp. 2d 1334, 1342-43 (S.D. Fla. 2010).

Moreover, Infinity is not entitled to a new trial on the basis of Mahshie's counsel's use of a demonstrative exhibit at closing argument to illustrate the damages sought. While the jury award of $111,265 is within hundreds of dollars from the $111,426.79 figure shown on the

---

> This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities.
> An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.
> In determining whether working time is de minimis, the following considerations are appropriate: (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work.

[D.E. 88 at 11].

demonstrative exhibit, it cannot be said that the verdict is against the great weight of the evidence. Lipphardt, 267 F.3d at 1186.

Because Infinity's arguments fail, the Court denies Infinity's motion for new trial on jury instructions or evidentiary grounds.

*2. **Motion to Alter or Amend Judgment***

Infinity has not adduced any newly discovered evidence in support of its motion to alter or amend judgment. And in light of the foregoing discussion, there are no manifest errors of law or fact. Therefore, the Court denies Infinity's motion to alter or amend the judgment as to Count I. King, 500 F.3d at 1343.

## IV. CONCLUSION

Based on the foregoing considerations, it is

ORDERED and ADJUDGED that Infinity's Post Trial Motion [D.E. 117] is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of October, 2013.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record